PER CURIAM.*
hThe Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Barry S. Ranshi, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his DWI arrests in August 2005 and October 2008 as well as his lack of candor in failing to disclose the'2005 arrest when he applied to law school. The Committee also cited the reported findings of a substance abuse evaluation by the Lawyers Assistance Program (LAP) which indicated the need for an intensive outpatient treatment program and ongoing monitoring by LAP as a result of petitioner’s history of alcohol abuse. We subsequently granted petitioner permission to sit for the bar exam, with the provision that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Ranshi 09-1344 (La.6/24/09), 11 So.3d 491.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon' his application, we remanded this *1020 matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. The commissioner conducted a hearing in December 2010, at which petitioner introduced evidence demonstrating that he had enrolled in and successfully-completed an intensive outpatient program li>for the treatment of substance abuse, as well as a one-year continuing care program. Petitioner also introduced evidence demonstrating his compliance with the terms and conditions of his recovery agreement with LAP.
Following the proceedings, the commissioner filed his report with this court. The commissioner made a factual finding that petitioner carried his burden of proving rehabilitation not only from his alcohol-related issues, but also from the lack of candor he demonstrated in his admitted omission from his law school application. Based on these findings, the commissioner recommended that petitioner be conditionally admitted to the practice of law, subject to the terms and conditions of his LAP agreement. Neither petitioner nor the Committee objected to that recommendation.
Considering the commissioner’s recommendation, particularly his credibility findings, and the entire record of this proceeding, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana on a conditional basis. The term of this conditional admission shall be for the remaining period of petitioner’s LAP agreement, and shall commence from the date petitioner, the Office of Disciplinary Counsel (“ODC”), and the probation monitor execute a formal probation plan. During the probationary period, petitioner shall comply with all of the terms and conditions of his LAP agreement. Within thirty days prior to the expiration of the conditional admission, and after consultation with the Executive Director of LAP, the ODC shall file a report in this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended. Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be [..¡terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.

 Chief Justice Kimball not participating in the opinion.